**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ISAAC LEWIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>B. GUTIERREZ, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:22-CV-00010-CLB[1]<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION**<br><br>[ECF Nos. 81, 84] |

Before the Court is Defendants Veronica Avila, Albert Castellan, Benedicto Gutierrez, and Vanessa Nicholson's (formerly Rodriguez) (collectively referred to as "Defendants") motion for reconsideration. (ECF No. 81.) Plaintiff Isaac Lewis ("Lewis") responded, (ECF No. 83), and Defendants replied, (ECF No. 86). Also pending before the Court is Lewis's motion for reconsideration, (ECF No. 84). Defendants responded, (ECF No. 88), and Lewis replied, (ECF No. 89). For the reasons discussed below, the motions, (ECF Nos. 81, 84), are denied.

**I.   BACKGROUND**

Lewis is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On January 10, 2022, Lewis filed a civil rights complaint ("Complaint") under 42 U.S.C. § 1983 for events that occurred while Lewis was incarcerated at the High Desert State Prison ("HDSP"). (ECF No. 1-1.)

On January 18, 2022, the District Court screened the Complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 3.) Lewis was allowed to proceed on an Eighth Amendment deliberate indifference to serious medical needs regarding dental treatment against Defendant Gutierrez, John Doe HDSP Head Dentist, and Jane Doe HDSP Dental

---

[1]   The parties voluntarily consented to have this case referred to the undersigned to conduct all proceedings and entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 37.)

assistant, when he learned their identities. (*Id.*)

On April 23, 2024, Lewis filed his motion for summary judgment. (ECF No. 61.) On June 10, 2024, Defendants filed their motion for summary judgment. (ECF No. 66.) Ultimately, the Court denied each motion for summary judgment, finding genuine issues of material fact exist as to Lewis's allegations of delayed treatment for his dental needs. (ECF No. 75.) Defendants and Lewis now each move for reconsideration of the Court's order denying the motions for summary judgment.

## II.     LEGAL STANDARD

A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence, (2) has committed clear error, or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). As the case law indicates, motions to reconsider are granted rarely. *See, e.g., School Dist. No. 1J*, 5 F.3d at 1263.

## III.    DISCUSSION

Defendants seek reconsideration of the Court's order denying Defendants' motion for summary judgment, arguing that there was no significant delay in treatment for Lewis, thus there was no constitutional violation and because there was no constitutional violation, Defendants are entitled to qualified immunity. (ECF No. 81.) Lewis seeks reconsideration of the Court's order denying his motion for summary judgment, arguing no genuine issues of material fact exists, as "Defendants clearly denied [Lewis] treatment he was [e]ntitled to which resulted in further pain, suffering and loss of teeth." (ECF No. 84.)

Each motion appears to be an attempt to re-argue the original motions for summary judgment, which the Court found presented genuine issues of material fact for a jury to decide. However, neither Defendants nor Lewis offer any newly discovered evidence, the Court did not commit clear error, nor was the decision manifestly unjust, and there is no intervening change in controlling law. Further, to the extent the parties are attempting to raise new arguments, this is improper. *See Kona Enters., Inc.*, 229 F.3d at 890 (a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). In sum, the Court does not find reconsideration appropriate and denies the motions accordingly.

## IV.  CONCLUSION

Consistent with the above, **IT IS ORDERED** that Defendants' motion for reconsideration, (ECF No. 81), is **DENIED**.

**IT IS FURTHER ORDERED** that Lewis's motion for reconsideration, (ECF No. 84), is **DENIED**.

**DATED**:  September 24, 2024  .

_____
**UNITED STATES MAGISTRATE JUDGE**